And you know how to adjust it to I bet yeah Good morning, may it please the court The district court erred in excluding the expert testimony of dr. Kimberly Macklin an expert on eyewitness identifications Rule 702 is meant to be a rule of inclusion Allowing expert testimony when it is based on valid science and would assist the trier of fact to determine a fact an issue an important part of the government's case was Megan Thompson's Identification of the defendant Darius Nicholas as the individual with the firearm at the party Dr. Macklin's testimony would have helped the jury understand issues with Miss Thompson's testimony and identification The exclusion of this expert testimony was air and reverser and remand for a new trial is required Dr. Macklin's testimony meets both prongs of rule 702 First her testimony was based upon scientific knowledge I would note this doesn't appear to be strongly contested on appeal or was it before the district court? but her testimony was clear that the science behind expert I did expert eyewitness identifications is Tested subject to peer review and public publication and it is widely accepted within the scientific community The government cites the Kim a case that doesn't control here that we why not because I thought it did It does not here because in that case there were problems with how it was presented to the district court And it's difficult to take those principles and apply them going forward because there really wasn't any Proffer like we have in our case There the defense attorney all that was done was putting in the CV of dr. Gary Wells and just more gentle There wasn't any what? There wasn't any proffer like there was in this case their defense attorney just put in the CV of dr Gary Wells that just discussed generally articles and the general science behind eyewitness identifications Here there was very thorough by doc. Very thorough testimony by dr Macklin about the science behind eyewitness identifications and the study of it and how that is done in her scientific field Under the second prong of 702 it would have helped the jury to understand or determine a fact an issue Case law more recent case law makes clear that expert testimony on eyewitness identifications Can be but not always Based upon is based upon common knowledge and dr. Macklin's proposed testimony as illustrated by her proffer Makes this clear and as other courts have acknowledged consistent with dr Macklin's proffer that sometimes this Expert testimony can in fact dispel these common myths or common thoughts among laypeople About eyewitness identifications. Let me interrupt you because you know, the Third Circuit is the has adopted Allowing these this expert testimony right and but they're the only circuit that's reversed based on it, right? The only federal circuit the Arizona Supreme Court has reversed as well Let's stick the circuits for a second. The Supreme Court hasn't addressed it, right? That's correct. Thank you the fifth What did they really do? Do you know what the fifth really did? I? I think I've acknowledged it, but they don't reverse or do anything I think the fifth and I have question marks in my notes on it, but my Recollection or my thought was maybe that it was harmless air And I I think this goes to another issue with this the case law of whether when it's based off identity eyewitness identification alone the failure to Allow this testimony is more likely to be abusive discretion I think that kind of blurs the question between is it harmless air or is it abusive discretion because this testimony was admissible and I think that's where maybe some of the confusion comes from that more case out of the Fifth Circuit, but My interpretation of it was that it decided it on harmless air grounds Justice What's the standard of review that we as a reviewing court apply here now to this ruling? It's an abusive discretion your honor and in some of these cases where? The courts have said it's not an abusive discretion because we can see that the district court went through this very thorough Analysis and considered it and ultimately determined that it should not be admissible either under 702 or under rule 403 We don't have this here And in fact in the district courts ruling finding that it was inadmissible under rule 702 The district court misspoke about the proposed testimony and said quite frankly further illustrating why this testimony should have come in Indicating that it's unnecessary because miss Thompson had prior experience with mr. Nicholas. So we don't need this expert testimony. In fact, dr Dr. Macklin's testimony stated that's incorrect And that is a common myth that her testimony and expertise could have dispelled for the jury That in fact when someone knows someone else it's more of a confirmatory Identification and it is less reliable than a stranger identification well, you know, there's a couple things going on here that that that This is in some ways an emerging science, right? I mean because if you look at historically there was sort of the movie or videotape view of memory then in fact that what happened is memories were implanted on your brain and it is played back sort of like a videotape and if you had good recollection Then that was it and if you knew somebody and if the circumstances were the kinds of things were quite memorable Then that would happen well as science has emerged we've come to a new understanding of How memory works and and it's become more apparent that memory is a creative act and that what ends up happening is not so much That you replay videos in your brain As it is that your brain recalls bits pieces and flashes and then you fill in the gaps, right and that's kind of the science that That was laid in and what was proffered here Okay, now that runs flat up against like Oh about a hundred years of jurisprudence where we said Hey that invades the province of the jury that we know how our memories work And therefore we should be able to to allow the jury to decide that there's nothing Significant about this that really assists the jury and in fact It has the potential to confuse the jury to allow that testimony in and so we really run into here is emerging Sciences apparently at odds with the this is long-standing line of cases the standard of review is abuse of discretion This is a judge who went through Kind of in detail made some statements as doesn't come in under 702 you contend that she didn't really understand the science I'm pretty sure he's gonna deny that all right, and then the next thing that happens you say but but even so she also gets To the 400 series objections, and she says I'm not letting it in anyhow Because it misleads confuses the jury and it invades their province as well, so she's got all three of the Suspenders and bootstraps tossed in it now in order for you to get a buy-on the abuse of discretion We've got to show that that you've got to show that we've that the judge abused discretion at each one of those steps Okay, so would you just tell me in your in you know I? Question takes 12 hours, and I'm gonna ask you to answer in 32 seconds What are what are your three best arguments as to why she's wrong in each of those points well 702? Basically what I've already stated that she was incorrect in her analysis of the testimony Under 403 again. There is no real analysis under 403 and the fact that it would waste the jury's time  Martin indicated no, that's not a basis for excluding expert testimony And that's something that could be dealt with in cross-examination and a jury instruction that was given in this case that states expert testimony Should be considered like every other witness If there are no further questions may reserve Mr.. Murphy I Please court I'm arguing this case on behalf of Emily nightle in our office. Who was the trial attorney I? Think it's important to keep in mind the standard of review It is abuse of discretion and on this record it should be clear judge Reed did not abuse her very broad Discretion in deciding whether to admit evidence we also have told them told the Trial court that you don't overturn a jury verdict lightly That's correct your honor You apply the standard with that admonition yes, yes, it's applied with that admonition and This court has said that the reliability of eyewitness identification is a matter of Martin relies on kimee mark relies on how many times have we cited the time or kimee case or whatever you say I? Couldn't I couldn't honestly tell you that your honor. I don't know how many times you cited it But I will say the jurisprudence in this area is Appears to be about 30 years old now, and that's the real issue It's pretty clear that that when when I was in law school That this was a really easy question if somebody put a psychologist on to talk about memory We'd have said go away that invades the province of the jury. That's just a done deal But if you start looking at as the science has kind of emerged And you'll look at what courts are doing now the courts are all over the place But we're still back to the discretion of the trial judge and letting it in and the question really becomes At that point does this judge explain enough for us? To say that it's no abuse of discretion or did this judge fail to explain enough so that it must be an abuse of discretion well and certainly as the court has noted the judge did give several grounds, but the court can also Affirm on basis of any facts in the record or any any basis in the record And I think you do need to look at the record here respectfully the record here is very strong what the defendant wants Is this is this expert to say this was a confirmatory identification of the defendant there was no? Question that the defendant was at the party the defendant admitted. He was at the party he admitted He was he was when he was arrested. He was wearing a red sweatshirt So there was no dispute about him being at the party he admitted his nickname was chocolate That's how the primary witness in this case identified him as chocolate, so there's no dispute about this confirmatory identification There's nothing that the expert was going to add on that point The expert would also say that the stereotypes and the witnesses Thompson's expectations might have been colored by The fact that she knew him from high school believes She knew him from high school believes. She knew that he was a member of a gang called young money, which she believed Was associated with firearms, so that's the other that's the other part of this But ultimately the experts opinion here the experts opinion was there is a high probability That it is possible That she misconstrued some object like a phone as a gun a high probability that it is possible That means like it's possible that it's possible That this person misconstrued an object as a gun well. It sounds like reasonable doubt Well, it sounds like it sounds like duh to me frankly your honor like duh no doubt It's possible that somebody misconstrued an object as a gun and the defense attorney can argue that That's certainly appropriate and cross-examination effective cross-examination I would argue took place here. Mr. Nathan very accomplished defense attorney did a tremendous job in cross-examination in fact he He impeached the government's main witness here miss Thompson on several points She initially Identified this person as having the first name of Darian sound like you're arguing from his quick here for a second Well, I'm saying that there were a number of there were a number of effective points on cross-examination But that sounds like maybe the expert might have helped a little bit Well, but the jury doesn't need the expert testimony It is cumulative in effect and the cases have suggested that where there is In particular where the witness is not the only witness on the point the Fifth Circuit case and more I think the court was concerned about you know, is it a critical is this the only witnesses is expert testimony? Maybe critical to counter that only witness and I think I get that and I think you're right But I'm cutting you off because here's what I wonder if this isn't really part of the analysis as well. And that is What the juries know duh? May not be What the science really supports and that's really I think part of the question here as well is that you know We believe them is that that this that memory can be frail and we believe that people make mistakes but some of the things that we believe that confirm They make it more likely that some memory is true Turns out under the science are actually things that are more likely to make that memory untrue for example We believe that if someone is pointing a gun in our faces That our memory is going to be really better because you're never gonna forget that yet as you study the science You start to find that no Actually, your your brain starts to really desperately want to fill in the gaps as to what's happening when you're in a life-threatening situation And that sometimes it erroneously fills in those gaps and the question really is is that science helpful to the jury in? evaluating the well, duh moment well, it may be but on this record did the court abuse its discretion given the substantial evidence that is here given the The admissions made by the defendant that he was present at the scene Given given the fact that he admits his nickname is chocolate given the fact that there were multiple witnesses. There were five witnesses the defense argues in their brief that there was one witness who identified the defendant that actually is The others identified the others identified clothing the others identified clothing, right? And there was no other and they identified the man with the red clothing Silver gun ran up the steps outside People outside say a man in red clothing came out the police chase him and there's a silver gun man and read the clothing I think it's a stretch to say that they didn't sure nobody else identified him by name But that is very common bank robber comes into a bank. How's he identified by clothing? That's not that's not to say that the witness didn't identify him. They don't know his name This so there was abundant evidence here of people saying that was the guy and so in terms of what this what this Possible is there's a possibility strong possibility that it was possible that this person maybe it was a Cellphone or maybe it's a handgun. I mean that's speculation You're basically having expert testimony to invite the jury to speculate and I dare say Your honor with regards to your point about the I mean, certainly the science is what it is But you know our traumatic events impressioned on the brain You know Where was I when JFK died? I could tell you exactly where I was when JFK died what I remember Where was I on 9-eleven on the top floor of the courthouse in st. Louis? There are things that very traumatic that I would submit I could probably find an expert that would say those things are imprinted and in traumatic situations You're not going to forget that and the distinction is is whether you're personally You know life-threatening situation or in the zone of danger that that is in fact and that's you know And that's complete apples and oranges for to this case But I'm saying you know what I'm saying is that lots of what we believe about science just isn't correct I mean, we have a pretty I mean I know where I was when JFK was assassinated I mean, I just I do I could you know, I could actually drive you to the place but in the end It's a different thing than if I was in the car Where John Connally was sitting and what my recollection might be at that point perhaps maybe perhaps But I submit I may be able to find an expert and then what do we have? We've got battling experts telling a jury how to view things that the court instructed on this also somewhat invades the courts province to instruct The jury and really it's it's a bit unseemly to me frankly that you would have experts testifying Perhaps competing experts testifying when the court instructs on credibility the court instructs on impeachment And if the court should add another line in its in its instruction that maybe recognizes some principle of science Perhaps that's the way to go But I submit this is not based upon data, it's not based upon And the defendant argues there's two prongs to 702 There's actually four parts to 702 and the first part is that it's that it will help the jury decide I don't think it was necessary to help the jury decide in this case, particularly given the facts I mean an additional fact here, you know, the defendant was on the Instagram photo of him in a red sweatshirt with a silver gun I mean this is in the and the expert says well those facts don't make any difference if just because something is true doesn't make any difference to my theory Well, you know facts do make a difference. It may not make a difference in a lab You can't replicate these circumstances in a lab these traumatic events. You just can't May make a difference in the lab to the theory But here the court is and the jury is called upon to make a decision based upon the facts that they as the sole trier of facts it's it's in their Ability and they could do that here That's all I have and thank you for your argument miss quick So first to address really what I think is the big issue is whether this is an abuse of discretion and Whether it could be as the district court said common knowledge that the jury could figure out looking to this cross-examination Yes, it was an effective cross-examination, but it was limited however as effective as an attorney. Mr. Nathan obviously is he can't bring in yes, but her Identification is less reliable because she knew him. That's why they needed expert testimony He can't say through cross-examination of miss Thompson. Yes, but be based off of your prior knowledge of mr Nicholas how your brain processed the information and how you perceived it and stored it in your memory that could have Impacted your identification of this as a firearm So while there was cross-examination, it was limited by the absence of this expert testimony And then again to address the prosecutors argument on other witnesses and they all identified him In fact, the two security guards identified other people as individuals with the firearm one Identified Corian Pursley who is the individual that mr Nicholas was with while he was walking near what was where the firearm was found and those inconsistent and just quite frankly unreliable Identifications that did not even identify. Mr. Nicholas are not enough to get over Harmless error or any abuse of discretion issues that existed by excluding this expert testimony on miss Thompson's identification Which was without a doubt the most damaging to the defense's case If there are no, let me ask you because I bet you know is justice Sotomayor the only Supreme Court justice who's written on this issue. She has a separate opinion doesn't she about eyewitness? Yes, she does She does that's well, she wasn't joined by anybody else, right? I don't believe in that opinion and no one else has written to your knowledge to my knowledge. Yes to mine, too Thank you very much case 17-37 50 is submitted for decision by the court